```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
TERESA HELEN WOODWORTH,

                Plaintiff,
                                          DECISION and ORDER
      -vs-                                No. 6:15-cv-6041(MAT)

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.
```
___

## I. Introduction

Represented by counsel, Teresa Helen Woodworth ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II. Procedural Status

On December 13, 2011, Plaintiff filed an application for DIB alleging disability based on right-side epicondylitis and tensynovitis, fibromyalgia, depression, and obesity, with an onset date of November 1, 1998. The claim initially was denied on February 17, 2012. Plaintiff requested a hearing on April 12, 2012, which was held in Rochester, New York, on June 17, 2013, before Administrative Law Judge John P. Costello ("the ALJ"). Plaintiff appeared with her attorney and testified, as did impartial

vocational expert, Peter Manzi, D. Ed. The ALJ issued an unfavorable decision on August 19, 2013. T.13-23.[1]

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed factual recitations contained in the parties' briefs. The Court will discuss the record evidence in further detail below, as necessary to the resolution of the parties' contentions. For the reasons discussed below, the Court reverses the Commissioner's decision and remands the matter for further administrative proceedings.

**III. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."

---

[1] Numerals preceded by "T." refer to pages from the certified transcript of the administrative record, submitted by the Commissioner in connection with her answer to the complaint.

Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)). "Failure to apply the correct legal standards is grounds for reversal." Townley, 748 F.2d at 112.

**IV.  Discussion**

    **A.  Erroneous Application of Treating Physician Rule**

Plaintiff argues that the ALJ failed to provide "good reasons" for declining to accord controlling weight to the medical source statement issued by John R. Andolina, M.D., her primary care physician. Plaintiff also asserts that the reasons the ALJ did supply were unsupported by the record.

Where an ALJ declines to accord controlling weight to a treating physician's opinion, the ALJ "must consider various 'factors' to determine how much weight to give to the opinion[,]" Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (quoting 20 C.F.R. § 404.1527(d)(2)), such as "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.'" Id. (quoting 20 C.F.R. § 404.1527(d)(2)).

A corollary to the treating physician rule is the so-called "good reasons rule," which is based on the regulations specifying

that "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion. Halloran, 362 F.3d at 32 (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2); Schaal v. Apfel, 134 F.3d 496, 503-04 (2d Cir. 1998)). Because the "good reasons" rule exists to "ensur[e] that each denied claimant receives fair process," Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir. 2007), an ALJ's "'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon the record.'" Blakely, 581 F.3d at 407 (quoting Rogers, 486 F.3d at 243; emphasis in Blakely).

Plaintiff began care with Dr. Andolina in 1982, and continued seeing him through the present date. There is no dispute that Dr. Andolina constitutes a "treating source" for purposes of the Commissioner's regulations, given his ability to provide a "detailed, longitudinal picture," 20 C.F.R. § 404.1527(c)(2), of Plaintiff's impairments and resultant limitations. As noted, the relevant period for Plaintiff's DIB claim is November 1, 1998, through September 30, 2004, but Dr. Andolina did not issue his Residual Functional Capacity Questionnaire ("RFC Questionnaire") until May 5, 2013. See T.685-99. According to the RFC Questionnaire, Plaintiff's diagnosed impairments (which include depression, right-hand tensynovitis, and fibromyalgia) cause

multiple tender points, nonrestorative sleep, chronic fatigue, muscle weakness/fatigue, vestibular dysfunction, numbness and tingling, anxiety, depression, Carpal Tunnel Syndrome, and Chronic Fatigue Syndrome. T.695. Plaintiff has pain in her right shoulder, arm, and hand/fingers; in her left knee, ankle, and foot; and in both legs. T.696. Stress, fatigue, and movement/overuse precipitate pain symptoms. Dr. Andolina opined that Plaintiff's "experience of pain or other symptoms" was severe enough to interfere "constantly" with her ability to perform even simple work tasks. T.696. He opined that she was "[c]apable of low stress jobs." T.696. Dr. Andolina limited Plaintiff to sitting for no more than 30 to 45 minutes at a time; standing for 10 minutes at a time, sitting at least 6 hours total in an 8-hour workday, and standing/walking less than 2 hours in an 8-hour workday. T.697. She must be able to shift positions at will, take 1-2 10-minute unscheduled breaks, and walk around every 15 minutes for 5 minutes. T.697. She can occasionally lift less than 10 pounds, but can never lift amounts heavier than 10 pounds. She has "significant" limitations in reaching, handling, or fingering with her right hand. T.698. Dr. Andolina then was asked to complete an RFC Questionnaire Clarification ("RFC Clarification"), which he did on July 8, 2013, noting that the limitations he assessed in the original RFC Questionnaire had been present since at least September 30, 2004. T.768.

    The ALJ found that Plaintiff has the RFC to perform light work. In particular, she can lift and/or carry and push and/or pull

up to 10 pounds "frequently" and 20 pounds "occasionally," sit for up to 6 hours in an 8-hour workday, stand/walk for up to 6 hours in an 8-hour workday, "frequently" finger, handle and reach with the dominant right upper extremity, and perform "simple tasks." T.17-18. The ALJ assigned "little weight" to Dr. Andolina's RFC Questionnaire and RFC Clarification because (1) they were written in 2013, nine years after the end date of the relevant period, see T.20; (2) they are "not supported by the evidence from the relevant period" or by Dr. Andolina's treatment records, id. (citing Ex. 19F[2]); and (3) Plaintiff's post-2004 records "show a general worsening over time, which is inconsistent with Dr. Andolina's assertion that [Plaintiff] has had the same functional limitations for over 9 years," id. (citing Ex. 2F).

The ALJ's first criticism of the RFC Questionnaire as being retrospective nature does not constitute a "good reason" for discounting its significance as a treating source opinion. See Pierce v. Astrue, (W.D.N.Y. ) ("The fact that Dr. Steele rendered his functional capacity report in 2009, after the end of the relevant period for Plaintiff's disability application, does not undermine its significance as a treating source opinion."). "Even if rendered retrospectively, an uncontradicted opinion by the treating physician is binding where it is the only medical evidence as to disability in the record." Malave v. Sullivan, 777 F. Supp.

---

[2] This exhibit represents 66 pages of medical records covering December 22, 1993, to November 7, 2005.

247, 252 (S.D.N.Y. 1991) (citing Rivera v. Sullivan, 923 F.2d 964, 968 (2d Cir. 1991); Dousewicz v. Harris, 646 F.2d 771, 774-75 (2d Cir. 1981)).

As his second proffered reason, the ALJ stated that Dr. Andolina's report was "not supported by the evidence from the relevant period" or by Dr. Andolina's "treatment records." T.20. The Commissioner's regulations provide that the "good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific . . . .'" Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (S.S.A. July 2, 1996)). However, the ALJ did not identify, in the six-year time-frame covered by the "relevant period," any particular records or items of evidence demonstrating a lack of support for Dr. Andolina's opinion. Nor did the ALJ provide further detail about which of Dr. Andolina's "treatment records" were inconsistent with his medical source statement. The Commissioner cannot remedy these defects in the ALJ's decision by suggesting reasons that ALJ was justified in finding Dr. Andolina's opinion to be inconsistent with the record or his own notes. See, e.g., Newbury v. Astrue, 321 F. App'x 16, 18 (2d Cir. 2009) ("A reviewing court '"may not accept appellate counsel's post hoc rationalizations for agency action.'"") (quoting Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999); further quotation omitted).

As his third reason for discounting Dr. Andolina's opinion, the ALJ stated that Plaintiff's post-2004 records "show a general worsening over time, which is inconsistent with Dr. Andolina's assertion that [Plaintiff] has had the same functional limitations for over 9 years." T.20 (citing Ex. 2F[3]). This statement does not constitute a "good reason" because it represents a mischaracterization of the record. In his RFC Clarification, Dr. Andolina was asked whether Plaintiff had suffered from the symptoms and limitations in the previous RFC Questionnaire. T.768. He checked "yes" when asked if Plaintiff had suffered from these symptoms and limitations "since at least September 30, 2004," and "no" when asked if she had suffered from them "since at least November 1, 1998." Id. The logical inference based on Dr. Andolina's answers in the RFC Clarification is that the symptoms and limitations set forth in the original RFC Questionnaire developed sometime after November 1, 1998, but sometime before September 30, 2004. Thus, contrary to the ALJ's characterization, Dr. Andolina does not "assert" in the RFC Questionnaire or RFC Clarification that Plaintiff "has had the same functional limitations for over 9 years."

Furthermore, the proffered third reason amounts to the ALJ's substitution of his own lay opinion and interpretation of medical data for the opinion of a competent medical professional. As

---

[3] This exhibit represents 84 pages of medical records covering January 11, 2007, to November 3, 2011.

Plaintiff points out, the years of medical records cited by the ALJ do not contain an opinion by a medical provider that Plaintiff's condition has worsened over time. In any event, as "the Second Circuit has observed, 'the fact that a condition is more disabling today than it was yesterday does not mean that the condition was not disabling yesterday.'" Pierce v. Astrue, 946 F. Supp.2d 296, 311 (W.D.N.Y. 2013) (quoting Dousewicz, 646 F.2d at 775). Indeed, the Second Circuit has noted that "claimants have won reversal of adverse decisions by the [Commissioner] even where their condition is degenerative, making retrospective evaluation of their ability to work somewhat speculative, and even where some non-physician testimony or evidence suggests a possible ability to work at the relevant time." Rivera v. Sullivan, 923 F.2d 964, 968 (2d Cir. 1991) (citation omitted).

The ALJ discounting of Dr. Andolina's RFC Questionnaire leaves the RFC assessment unsupported by any medical opinion, because the ALJ also assigned little weight to the report of consultative physician Dr. Karl Eurenius. Dr. Eurenius found Plaintiff capable of sedentary work; as noted above, the ALJ determined Plaintiff is capable of light work.

Remand is required so that the ALJ can reconsider Dr. Andolina's opinion in light of the required regulatory factor. If the ALJ elects to discount Dr. Andolina's opinion, he must explicitly consider the required factors and provide "good reasons" for rejecting it. See, e.g., Gunter v. Comm'r of Soc. Sec., 361 F.

App'x 197, 199 (2d Cir. 2010) (unpublished opn.) (remanding where ALJ failed adequately to explain his determination not to credit opinion of claimant's treating physician).

### B. Failure to Develop Record by Ordering a Consultative Psychiatric Examination

Plaintiff was diagnosed with depression by Dr. Andolina in January 1996, and treated for her depressive symptoms throughout the relevant time period. See T.705, 731, 743, 732-33, 735, 737-38, 741, 745, 749, 751. In his RFC Questionnaire, Dr. Andolina indicated that Plaintiff's "pain or symptoms" were severe enough to interfere with the attention and concentration needed to perform simple work tasks "constantly." T.655. The ALJ, as noted above, assigned Dr. Andolina's opinion "little weight." However, the ALJ did find that Plaintiff's "severe depression" affected her RFC inasmuch as he stated that "due to the effects of both the claimant's severe depression and fibromyalgia, she was capable of work that required no more than the performance of simple tasks." T.21. Dr. Andolina's RFC Questionnaire is the only medical opinion in the record that ostensibly addresses Plaintiff's limitations due to her depressive symptoms. Plaintiff argues that because the ALJ rejected Dr. Andolina's opinion, his assessment of Plaintiff's mental RFC was not based on any medical opinion in the record and is unsupported by substantial evidence. The Court agrees. The regulations require that the ALJ normally must order a consultative examination when '[a] conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved. . . .' 20 C.F.R.

§§ 404.1519a(b)(4), 416.929a(b)(4). Such is the case here, and the ALJ should have directed Plaintiff to undergo a consultative examination by psychiatrist or psychologist. See Falcon v. Apfel, 88 F. Supp.2d 87, 90, 91 (W.D.N.Y. 2000) ("Given the ALJ's rejection of Dr. Caruso's findings, and the absence of other medical evidence in the record, the ALJ should have sought a conclusive determination from a medical consultant. . . .").

### C. Deficient Evaluation by Appeals Council of Newly Submitted Evidence

In connection with her request for review by the Appeals Council, Plaintiff submitted medical records from her orthopedist, Dr. Michael J. Klotz, to whom she was referred for treatment of her right lateral epicondylitis. Dr. Klotz's treatment notes cover the period from October 8, 1998, to September 30, 2000. See T.769-92. In its notice declining review, the Appeals Council stated only that "this [new] information does not provide a basis for changing the [ALJ]'s decision." T.2. Plaintiff argues that this was insufficient because Dr. Klotz is a treating physician, and the Appeals Council was required to provide "good reasons" for finding that Dr. Klotz's records did not warrant review of Plaintiff's case on appeal. See, e.g., Stadler v. Barnhart, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006).

Because the Court is remanding for further proceedings based on other errors, it need not determine if the Appeals Council's denial of review was correct in light of the newly submitted records from Dr. Klotz. These records have become part of the

administrative record, and the ALJ will be obliged to consider them on remand.

### D. Remedy

Sentence four of 42 U.S.C. § 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405(g)). The Court finds that remand is appropriate here because the ALJ "failed to fulfill [his] duty," Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999) (quotation omitted)—in this case, by neglecting to order an examination by a consultative psychiatrist or psychologist and by failing to provide "good reasons" for discounting the opinions of treating physician Dr. Andolina. Furthermore, new evidence from Plaintiff's treating orthopedist Dr. Klotz was submitted to the Appeals Council, which deemed the evidence worthy of consideration, but then provided no reasons as to why it did not change the ALJ's decision. The Court notes that Dr. Klotz's records overlap Dr. Andolina's treatment of Plaintiff, and therefore are relevant to the ALJ's reconsideration of Dr. Andolina's opinion under the treating physician rule. The foregoing omissions have frustrated the Court's ability to conduct a meaningful review of the substantiality of the evidence supporting the ALJ's decision. Therefore, the Court determines that remand is the appropriate remedy in this matter.

**V.  Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt #11) is denied. Plaintiff's motion for judgment on the pleadings (Dkt #9) is granted to the extent that the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. In particular, the ALJ is directed to re-evaluate Dr. Andolina's RFC Questionnaire and RFC Clarification in light of the treating physician rule, to have Plaintiff undergo a consultative examination by psychiatrist or psychologist, and to reconsider Plaintiff's claim in light of the new evidence submitted to the Appeals Council in the first administrative proceeding.

**SO ORDERED.**

                                      **S/Michael A. Telesca**

                                    HONORABLE MICHAEL A. TELESCA
                                    United States District Judge

Dated:   December 18, 2015
        Rochester, New York